**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000736**
**18-NOV-2016**
**08:18 AM**

NO. CAAP-12-0000736

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEREMIAH M. HUI, Plaintiff-Appellant,
v.
CITIMORTGAGE, INC. and EVERBANK,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-34K)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Reifurth and Ginoza, JJ.)

This appeal arises out of a complaint seeking injunctive and declaratory relief from a threatened non-judicial foreclosure of certain residential property in Kamuela, Hawai'i ("Property"), and the related promissory note ("Note") and mortgage ("Mortgage").[1] Plaintiff-Appellant Jeremiah M. Hui appeals from the Judgment,[2] filed July 27, 2012, and entered by the Circuit Court of the Third Circuit ("Circuit Court") in favor

---

[1] On July 16, 2008, Plaintiff-Appellant Jeremiah M. Hui and non-party William P. Goold executed a promissory note in favor of EverBank in the principal amount of $327,000.00. The same day, Hui and Goold executed a first mortgage on the Property, recorded on July 23, 2008 in the Bureau of Conveyances of the State of Hawai'i as Document No. 2008-117562.

[2] On August 18, 2015, Defendant-Appellee CitiMortgage, Inc. filed a suggestion of death pursuant to Hawai'i Rules of Appellate Procedure Rule 43(a), suggesting that Hui had passed away shortly before December 2012. Hui's counsel then ceased communicating with the court, and we sought to clarify any heirs' interest or intention concerning the appeal. On August 5, 2016, Hui's surviving spouse, Jane Asako Higashi, was appointed as special administrator of Hui's estate. On November 7, 2016, Jane A. Higashi informed the court that it was the intention of the Jeremiah M. Hui Estate to negotiate a mortgage equitable to the estate and CitiMortgage and, if necessary, EverBank. Therefore, we proceed to address the appeal.

of Defendants-Appellees CitiMortgage, Inc. and EverBank.[3/]

CitiMortgage contends that Hui and Goold failed to make payments on their mortgage loan since June 1, 2010. Hui did not dispute his default in the Circuit Court and does not appear to do so here. Rather, Hui contends that the Circuit Court erred in granting summary judgment in favor of CitiMortgage and EverBank in light of the following genuine issues of material fact: (1) "as to the Alleged 'Endorsement' of the Note"; (2) "as to the Notice of Sale and [Hawaii Revised Statues ("HRS") §] 667-5"; and (3) "raised by [CitiMortgage's] 'Declarations'".

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Hui's appeal as follows and affirm.

(1) Hui argues that the Circuit Court erred in granting summary judgment in favor of EverBank and CitiMortgage because there remained genuine issues of material fact involving the endorsements on the Note. We conclude to the contrary.

Even when we consider the evidence in a light most favorable to Hui, the inference drawn from the endorsements is that the marked stamp was voided and the unmarked, clear stamp was not. *E.g.*, *M & T Bank v. Strawn*, No. 2013-T-0040, 2013 WL 6888006, at *4 (Ohio Ct. App. Dec. 31, 2013) (concluding that there was no issue of material fact regarding the voided endorsements and their effect on the negotiability of the note); *Chance v. CitiMortgage, Inc.*, 395 S.W.3d 311, 314 (Tex. Ct. App. 2013) (concluding that "the existence of a void stamp over a blank indorsement, without more, is insufficient to create a fact issue regarding the parties' intent to discharge, cancel, or otherwise 'neutralize' [plaintiff's] obligations under the note"). Hui does not cite to any law that indicates that the presence of voided endorsements on the face of a note renders its subsequent negotiation invalid.

---

[3/]     The Honorable Ronald Ibarra presided.

CitiMortgage demonstrated that it possessed the Note and was the holder of the instrument. The endorsement was payable to an identified person, CitiMortgage, and is accordingly considered a special endorsement under the law. Haw. Rev. Stat. § 490:3-205 (1993). Moreover, CitiMortgage carried its burden to show the transfer of the Note by submitting a declaration attesting to the transfer and attaching a copy of the Note and endorsements. *See Hanalei, BRC Inc. v. Porter*, 7 Haw. App. 304, 309, 760 P.2d 676, 680 (1988) (holding that when a party provides an affidavit stating that it possesses a note, and a true and correct copy of the note and endorsement are appended to the affidavit, it can be inferred that the party possesses the note and endorsement). Therefore, we conclude that the voided endorsement did not create a genuine issue of material fact as to the negotiability of the Note.

Hui also challenges the endorsements because Julia Wood, CitiMortgage's designated Hawaiʻi Rules of Civil Procedure ("HRCP") Rule 30(b)(6) representative, lacked personal knowledge of the Note's endorsement. Wood's lack of personal knowledge related to EverBank's endorsement of the note, however, is immaterial to the endorsement's validity. *See In re Hawaiian Airlines, Inc.*, Bankruptcy No. 03-00817, 2007 WL 7217721, at *1 (Bankr. D. Haw. Sept. 14, 2007) (noting that an HRCP Rule 30(b)(6) witness's inability to testify to various issues "was not surprising" because "there is no reason to expect that any of plaintiff's employees or officers would have personal knowledge of dealings between [alleged co-conspirators], and in any event does not preclude plaintiff from offering other evidence on this topic.") Similarly here, it could not be expected that Wood, an employee of the endorsee, would have personal knowledge of the endorser's circumstances in creating the endorsement. Such knowledge was not central to the point of her testimony, and, accordingly, Wood's testimony did not raise a genuine issue of material fact.

As for Hui's contentions regarding the identity of the person who voided one of the endorsements and the lack of dates on the endorsement, we can find no law requiring summary judgment

movants to identify such persons.  Additionally, neither HRS § 490:3-205 nor case law suggests that a date must be provided with an endorsement.  Thus, there is no genuine issue of material fact as to the endorsement of the Note.

(2) Hui argues that there were genuine issues of material fact as to whether the Notice of Sale complied with HRS § 667-5 because, Hui contends, CitiMortgage failed to satisfy the first and third prongs of the injury-in-fact test for standing under *Bush v. Watson*, 81 Hawai'i 474, 479, 918 P.2d 1130, 1135 (1996).  Specifically, Hui claims that CitiMortgage was not a legitimate successor-in-interest able to foreclose because of the voided endorsement and legally infirm assignment of the mortgage.  Hui offers no explanation of his assignment argument, but it appears to be based on the voided endorsement.  We rest on our earlier determination that the voided endorsement did not present a genuine issue of material fact and, therefore, conclude that there are no genuine issues of material fact with regard to the assignment.[4/]  *GECC Financial Corp. v. Jaffarian*, 79 Hawai'i 516, 521, 904 P.2d 530, 535 (App. 1995) (non-moving party has the burden to demonstrate specific facts that present a genuine issue worthy of trial).

Furthermore, because CitiMortgage established that it was the holder of the Note and assignee of the Mortgage, it had an interest in recovering payment on the loan as the mortgagee, the mortgagee's successor in interest, or "any person authorized by the power to act in the premises[.]"  Haw. Rev. Stat. § 667-5 (Supp. 2008) (repealed 2012).  Accordingly, CitiMortgage demonstrated that it suffered a distinct and palpable injury for the purposes of standing.  *See Indymac Bank v. Miguel*, 117 Hawai'i 506, 512-13, 184 P.3d 821, 827-28 (App. 2008) (noting that in order to meet the "injury in fact" test from *Bush*, "the

---

[4/]      Moreover, courts have held that borrowers such as Hui cannot challenge the validity of an assignment.  *See Fed. Nat'l Mortg. Ass'n v. Kamakau*, Civil No. 11-00475 JMS/BMK, 2012 WL 622169, at *4 (D. Haw. Feb. 23, 2012) (explaining that a borrower cannot challenge an assignment to which he was not a party); *Nottage v. Bank of New York Mellon*, Civil No.12-00418 JMS/BMK, 2012 WL 5305506, at *7 (D. Haw. Oct. 25, 2012) (citing *Kamakau* in rejecting borrower's claims challenging MERS's authority to assign a mortgage on behalf of a lender).

plaintiff must show a distinct and palpable injury to himself or herself"). Thus, there are no genuine issues of material fact as to whether the Notice of Sale complied with HRS § 667-5.

(3) Finally, Hui argues that the Circuit Court erred in admitting the declarations of Lorissa Russelburg and John A. Murphy submitted in support of the CitiMortgage motion for summary judgment. Hui's objection to the Russelburg Declaration relates largely to the weight of the testimony, not its admissibility. His reliance on *GE Capital Hawaii, Inc. v. Yonenaka*, 96 Hawai'i 32, 25 P.3d 807 (App. 2001) is misplaced. In *Yonenaka*, the affiant stated that his knowledge was "based upon the review" of records and files in the plaintiff's possession. 96 Hawai'i at 40, 25 P.3d at 815, *overruled on other grounds by Price v. AIG Hawai'i Ins. Co.*, 107 Hawai'i 106, 111 P.3d 1 (2005). The court deemed the affidavit inadmissible hearsay because the plaintiff failed to provide the records referred to in the affidavit. *Id.; see also GE Capital Hawaii, Inc. v. Miguel*, 92 Hawai'i 236, 242, 990 P.2d 134, 140 (App. 1999) (rejecting affidavit as inadmissible hearsay because records and files discussed in affidavit were never introduced into evidence), *overruled on other grounds by Price*, 107 Hawai'i 106, 111 P.3d 1.

Here, the records testified to, including Exhibits "A" through "K" and "N" and "O", were attached to Russelburg's declaration. Thus, *Yonenaka* is inapposite.

Hui contests the Murphy Declaration because it "asserted matters which are in direct opposition and contrary to MERS' own Terms and Conditions and the case law holding what MERS can and cannot do[,]" but does not specify what terms and conditions he refers to or cite to any case law regarding "what MERS can and cannot do." Hui also contends that the corporate resolution relied on by Murphy "provides no basis for summary judgment" and raises additional genuine issues of material fact in light of MERS's terms and conditions and the representations made in *Mortg. Elec. Registration Sys., Inc. v. Nebraska Dep't of Banking & Fin.*, 704 N.W.2d 784, 785 (Neb. 2005). The latter argument is unpersuasive.

The corporate resolution indicates that Kim Krakoviak was appointed as an assistant secretary and vice president for MERS, and was granted specified authority to assign and execute certain documents on behalf of MERS.  By only referencing MERS' terms and conditions purportedly addressed in a 2005 case from Nebraska, but failing to connect how the terms and conditions would apply to or affect the transfers in the instant action, Hui fails to show any genuine issue of material fact.

Therefore, the July 27, 2012 Judgment entered in the Circuit Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawai'i, November 18, 2016.

On the briefs:

Ronald V. Grant
(Dwyer Schraff Meyer
Grant & Green)
for Plaintiff-Appellant

Cheryl A. Nakamura and
Lisa Strandtman
(Rush Moore, LLP)
for CitiMortgage, Inc.,
Defendant-Appellee

Karyn A. Doi,
(Leu Okuda & Doi)
for Everbank, Defendant-
Appellee.

Presiding Judge

Associate Judge

Associate Judge